ALETA POWELL,                    *     IN THE
3722 Hillsdale Road
Baltimore, MD 21207              *     CIRCUIT COURT

    *Plaintiff,*              *     OF MARYLAND

vs.                              *     FOR

PALISADES ACQUISITION,           *     BALTIMORE CITY
XVI, LLC
210 Sylvan Avenue                *     Case No. _____
Englewood Cliffs, NJ 07632
                                 *

    Serve on:                *

    CSC-Lawyers              *
    Incorporating Service Co.  *
    Ste. 1660
    7 St. Paul Street        *
    Baltimore, MD 21202
                                 *

*and*                            *

FULTON FRIEDMAN &                *
GULLACE LLP
Suite 500                        *
28 East Main Street
Rochester, NY 14614              *

    Serve on:                *

    Scott Whiteman           *
    7350-B Grace Drive
    Columbia, MD 21044       *

*and*                            *

JOHN DOES 1-10,                  *

    *Defendants.*

*     *     *     *     *     *     *     *     *     *     *     *     *

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

## CLASS ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

Now comes ALETA POWELL, ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendants, PALISADES ACQUISITION, XVI, LLC ("PALISADES XVI") and FULTON FRIEDMAN & GULLACE LLP ("FFG") and JOHN DOES 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.     The Plaintiff alleges that the collection practices of Defendants violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt. These allegations include acting as a debt collector in the State of Maryland when Defendant is not licensed to do so.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

"contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. *See* 15 U.S.C. § 1692k(a); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp.2d 719, 725 (D. Md. 2011).

6.      The FDCPA is a remedial statute that is construed liberally in favor

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

3

of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.      To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. In addition, the FDCPA, at 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken.

## JURISDICTION AND VENUE

8.      The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well in any state court of competent jurisdiction.

9.      The Circuit Court of Maryland has personal jurisdiction over each Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103(b)(1) and (2). PALISADES XVI can be served with process in Maryland and regularly transacts business in Baltimore City, Maryland as part of its debt collecting activities. As alleged herein, PALISADES XVI has caused tortious injury in the State of Maryland by acts or omissions relating to its debt collecting activities that

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

4

have occurred in the State of Maryland. FFG can be served with process in Maryland and regularly transacts business in Baltimore City, Maryland as part of its debt collecting activities. As alleged herein, FFG has caused tortious injury in the State of Maryland by acts or omissions relating to its debt collecting activities that have occurred in the State of Maryland.

10.     The Circuit Court for Baltimore City is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) & (b) because both Palisades XVI and FFG carry on regular business in Baltimore County. Additionally, Baltimore City is the jurisdiction where the cause of action arose.

## PARTIES

11.     Plaintiff, ALETA POWELL, is an individual who currently and at all times relevant to this litigation has resided in Baltimore City, Maryland.

12.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt. Plaintiff's alleged debt arises out of a "Direct Merchants Bank" credit card which was used for personal, family or household purposes. For these reasons, Plaintiff is also a "consumer" as defined by the MCPA. Plaintiff, an individual, is a "person" as that term is defined by the MCDCA and the MCPA.

13.     Defendant PALISADES XVI, is a foreign limited liability company. PALISADES XVI is registered to do business in Maryland, but is not licensed as a debt collector in Maryland, as required by Maryland law. PALISADES XVI is regularly engaged, for profit, in the collection of debts allegedly owed by

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

consumers, which it allegedly purchases after these debts have gone into default, including after a judgment has already been entered against the debtor. PALISADES XVI uses the United States Mail in furtherance of their collection of debts alleged to be due another.

14.    Defendant PALISADES XVI hired FFG in furtherance of its collection of Plaintiff ALETA POWELL'S debt.

15.    Defendant FFG is a foreign limited liability partnership. FFG is registered to do business in Maryland, but is not currently in good standing with the Maryland Department of Assessments & Taxation. Unlike its client, FFG is licensed as a debt collector in Maryland. FFG is headquartered in Rochester, New York and maintains a Maryland office at 7350-B Grace Drive in Columbia, Maryland. FFG is a company engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

16.    At all relevant times Defendants PALISADES XVI and FFG acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA. Defendants also acted has a "collection agency" under Md. Code., Bus. Reg., § 7-101(c). Defendant PALISADES XVI allegedly purchased a judgment entered against ALETA POWELL arising out of her Direct Merchant's Bank credit card and through FFG used the United States mail in furtherance of its collection efforts.

17.    At all relevant times Defendants PALISADES XVI and FFG acted

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

18.   The acts of PALISADES XVI and FFG alleged herein were performed by its respective employees acting within the scope of their actual or apparent authority.

19.   Defendants JOHN DOES 1-10, are individuals whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery.

20.   At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest, or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## FACTUAL ALLEGATIONS

### A.   The Subject Debt

21.   Plaintiff ALETA POWELL incurred and later defaulted on a debt (the "subject debt") in the amount of $8,205.24 owed to Direct Merchants Bank.

22.   The subject debt is a "debt" as that term is defined by 15 U.S.C. §

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

1692a(5) of the FDCPA, as it allegedly arose out of a credit card account that was used primarily for personal, family, or household purposes.

23.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

24.    Plaintiff received a letter from Direct Merchants Bank that her debt was being assigned to Platinum Financial Services Corp. ("Platinum"). Platinum hired Wolpoff and Abramson, LLP ("W&A") to collect this debt.

25.    On November 19, 2001, Platinum, through W&A filed a lawsuit in the District Court of Maryland for Baltimore City regarding Plaintiff's nonpayment of the subject debt. The case number was 010100089682001.

26.    On March 29, 2002, Plaintiff entered into a settlement with Platinum through an attorney with W&A regarding the subject debt in case number 010100089682001.

27.    From April of 2002 until March of 2003, Plaintiff made regular payments totaling $3,250.00 on the subject debt. From April through August of 2003, Plaintiff was unable to make payments under the terms of the settlement. On June 24, 2003, as per the terms of the settlement agreement, a consent judgment was entered against Plaintiff in the amount of $8,205.24.

28.    Plaintiff resumed payments on the subject debt in September 2003. From September 2003 until May 2005, Plaintiff made regular payments totaling $2,700.00 on the subject debt.

29.    Total payments made by Plaintiff on the subject debt from the time

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

8

of the settlement agreement until May 2005 were $5,950.

**B.    Defendants' Engage in Unfair Practices, False and Misleading Representations**

30.    Defendant PALISADES XVI is required to be licensed as a debt collector pursuant to the Maryland Collection Agency Licensing Act, Md. Code, Bus. Reg., § 7-101, *et seq.*

31.    Defendant PALISADES XVI purchased the judgment against Plaintiff in case number 010100089682001 despite not being licensed as a debt collector in Maryland.

32.    On May 29, 2012, Defendant PALISADES XVI, through Defendant FFG, filed an Assignment of Judgment form pursuant to Md. Rule § 3-624 in the District Court of Maryland for Baltimore City. This form alleged that that Platinum, the judgment creditor of the subject debt in case number 010100089682001, assigned its judgment in this case to Defendant PALISADES XVI.

33.    The Assignment of Judgment form filed by Defendants on May 29, 2012, claimed incorrectly that the judgment in case number 010100089682001 regarding the subject debt was in the amount of $10,497.21.

34.    The Assignment of Judgment form filed by Defendants on May 29, 2012, claimed that payments made by Plaintiff on the subject debt totaled $0.00.

35.    On the Assignment of Judgment form filed by Defendants on May 29, 2012, was a form with a checked box, next to which read: "The Judgment was

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

9

accepted by Palisades Acquisition XVI, LLC on March 5, 2007, as shown in the attached Bills of Sale."

36.   Defendant PALISADES XVI, through FFG, mailed this assignment of judgment form to ALETA POWELL on May 29, 2012.

37.   Also on May 29, 2012, FFG attorney Scott Whiteman entered his appearance as counsel for PALISADES XVI in case number 010100089682001 regarding the subject debt. This entry of appearance was signed "/s" even though the Maryland State District Court system does not accept electronic signatures.

38.   A copy of the May 29, 2012 entry of appearance was mailed by FFG attorney Scott Whiteman to ALETA POWELL.

39.   On June 11, 2012, FFG attorney Scott Whiteman filed an entry of appearance as counsel for PALISADES XVI with a proper signature. A copy of this document was mailed by FFG to ALETA POWELL.

40.   Based on information and belief, sometime before September 1, 2012, PALISADES XVI and/or FFG, on behalf of PALISADES XVI, mailed a letter to Plaintiff ALETA POWELL attempting to collect the subject debt.

41.   Defendants PALISADES XVI and FFG actively engaged in illegal debt collecting activities directed towards ALETA POWELL by PALISADES XVI's doing business as a collection agency in Maryland without a license.

42.   As a direct consequence of Defendants' illegal debt collecting activities ALETA POWELL suffered actual damages, including having to respond to a collection lawsuit improperly brought against her, resulting in

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

embarrassment, emotional distress, anger and frustration.

### C.   Defendants' Policies and Practices

43.   It is a standard policy and practice of PALISADES XVI to purchase debts of natural persons in the state of Maryland. In recent years, these purchases have included unsatisfied judgments in Maryland State courts. In the Maryland State court system, cases remain active until a judgment is satisfied.

44.   A recent review of the public Maryland judiciary case search reveals that PALISADES XVI either has filed or allegedly purchased an unsatisfied judgment on over roughly 1000 cases that have been active in the past year. Some of these active cases have judgments that were entered as far back as the early 1990s.

45.   FFG has provided counsel to PALISADES XVI's in roughly one-third of these cases.

46.   The Maryland Collection Agency Licensing Act, Md. Code, Bus. Reg., § 7-301(a) (MCALA) requires that "a person must have a license whenever the person does business as a collection agency in the State." A "collection agency" is defined as "a person who engages directly or indirectly in the business of: . . . (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it." MCALA § 7-101(c).

47.   PALISADES XVI's purchases of debts and judgments, and the collection activities by both Defendants associated with these purchases, constitute doing business as a collection agency in the state of Maryland. The

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

collection activities and practices of PALISADES XVI and FFG include:

a.      Purchasing any alleged accounts of natural persons in the State of Maryland and/or judgments against consumers in Maryland Courts.

b.      Contacting or attempting to contact natural persons in the State of Maryland in connection with any effort to collect a debt.

c.      Filing an "Assignment of Judgment" with a Maryland court and sending a copy of this form to natural persons in the State of Maryland.

d.      Initiating lawsuits in Maryland courts in an effort to collect a debt.

e.      Garnishing or attempting to garnish any property in connection with any effort to collect a debt.

48.     Thus PALISADES XVI violated the MCALA by engaging in collection activity without the required license.

49.     It is the standard policy and practice of PALISADES XVI with the assistance of FFG to violate the MCALA and engage in collection activity without a license in violation of §§ 1692e(5) and 1692f of the FDCPA, which prohibit,

### § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

**§ 1692f. Unfair Practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

50.    These standard policies and practices also constitute violations of the § 14-202(8) of the MCDCA, which prohibits

Proscribed conduct

In collecting or attempting to collect an alleged debt a collector may not:

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.

51.    Violations of the MCDCA are violations of the MCPA pursuant to 13-301(14)(iii) of the MCPA.

## CLASS ALLEGATIONS

52.    ALETA POWELL brings this action on behalf of two subclasses.

53.    **FDCPA Class**. The class period for the FDCPA class is one year prior to the filing of this complaint. The class consists of all natural persons who at any time within one year prior to the filing of this complaint had active cases and/or judgments in the State of Maryland on which PALISADES XVI did business as a collection agency without a license. Such practices include:

a.    Purchasing any alleged accounts of natural persons in the State of Maryland and/or judgments against consumers in Maryland Courts.

b.    Contacting or attempting to contact natural persons in the

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

State of Maryland in connection with any effort to collect a debt.

        c.      Filing an "Assignment of Judgment" with a Maryland court and sending a copy of this form to natural persons in the State of Maryland.

        d.      Initiating lawsuits in Maryland courts in an effort to collect a debt.

        e.      Garnishing or attempting to garnish any property in connection with any effort to collect a debt.

    54.    **MCDCA and MCPA Class**. The class period for the MCDCA and MCPA class is three years prior to the filing of this complaint. The class consists of all natural persons who at any time within three years prior to the filing of this complaint had active cases and/or judgments in the State of Maryland on which PALISADES XVI did business as a collection agency without a license. Such practices include:

        a.      Purchasing any alleged accounts of natural persons in the State of Maryland and/or judgments against consumers in Maryland Courts.

        b.      Contacting or attempting to contact natural persons in the State of Maryland in connection with any effort to collect a debt.

        c.      Filing an "Assignment of Judgment" with a Maryland court and sending a copy of this form to natural persons in the State of Maryland.

        d.      Initiating lawsuits in Maryland courts in an effort to collect a debt.

        e.      Garnishing or attempting to garnish any property in

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

connection with any effort to collect a debt.

55. The identities of all class members are readily ascertainable from the records of Defendants and court records.

56. Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

57. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 2-231 of the Maryland Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

    a.    **Numerosity**: The class is so numerous that joinder of all members is impractical. On information and belief there are more than 1,000 members of the two sub classes. A recent review of District Court of Maryland court records discloses more than 1,000 cases that were either filed by PALISADES XVI or involve a prior judgment purchased by PALISADES XVI and which have been active within the past year. FFG is the law firm for PALISADES XVI for roughly one-third of these cases.

    b.    **Common Questions Predominate**: There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

        i.    Whether PALISADES XVI was required to maintain a collection agency license under MCALA.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

ii.     Whether PALISADES XVI acted as an unlicensed collection agency.

iii.     Whether PALISADES XVI and FFG violated §§ 1692e(5) and 1692f of the FDCPA and § 14-202(8) of the MCDCA by engaging in debt collection activity in Maryland when PALISADES XVI was not licensed under the MCALA.

c.     **Typicality**: ALETA POWELL's claims are typical of the claims of the members of the plaintiff class. ALETA POWELL and all members of the plaintiff class have claims arising out of Defendants' common course of conduct complained of herein.

d.     **Adequacy**: ALETA POWELL will fairly and adequately protect the interests of the members of the class. ALETA POWELL is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiffs counsel have any interests which might cause them not to vigorously pursue this claim.

e.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410·662·6500

16

engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

58.    Certification of the class under Rule 2-231(b)(3) of the Maryland Rules of Civil Procedure is appropriate because:

a.    The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CAUSE OF ACTION
### (The Fair Debt Collection Practices Act)

59.    ALETA POWELL incorporates the foregoing paragraphs.

60.    Defendants PALISADES XVI and FFG violated §§ 1692e(5) and 1692f by engaging in collection activities when PALISADES XVI was not licensed as a debt collector pursuant to MCALA.

61.    As a direct consequence of Defendants' acts, practices and conduct, ALETA POWELL and the class she seeks to represent suffered actual damages, including having to respond to assignments of judgment against them, collections

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

and attempts to collect on judgments against them, communications from Defendants, collection lawsuits improperly brought against them, and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual injury or loss.

## SECOND CAUSE OF ACTION
### (The Maryland Consumer Debt Collection Act)

62.   ALETA POWELL incorporates the foregoing paragraphs.

63.   ALETA POWELL and the class she seeks to represent incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

64.   Defendants PALISADES XVI and FFG violated § 14-202(8) by engaging in collection activities when PALISADES XVI was not licensed as a debt collector pursuant to MCALA.

65.   As a direct consequence of Defendants' acts, practices and conduct, ALETA POWELL and the class she seeks to represent suffered actual damages, including having to respond to assignments of judgment against them, collections and attempts to collect on judgments against them, communications from Defendants, collection lawsuits improperly brought against them, and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

18

injury or loss and are entitled to damages pursuant to Md. Code. Ann., Com. Law § 14-203 from Defendants.

### THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

66.   ALETA POWELL incorporates the foregoing paragraphs.

67.   ALETA POWELL and the class she seeks to represent are consumers as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

68.   Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

69.   Defendants PALISADES XVI and FFG violated § 13-301(14)(iii) of the CPA by engaging in collection activities when PALISADES XVI was not licensed as a debt collector pursuant to MCALA.

70.   As a direct consequence of Defendants' acts, practices and conduct, ALETA POWELL and the class she seeks to represent suffered actual damages, including having to respond to assignments of judgment against them, collections and attempts to collect on judgments against them, communications from Defendants, collection lawsuits improperly brought against them, and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual injury or loss and are entitled to damages pursuant to Md. Code. Ann., Com. Law § 14-203 from Defendants.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

WHEREFORE, ALETA POWELL on behalf of herself and the members of the class she seeks to represent requests the following relief:

A.     An order certifying the class and appointing ALETA POWELL as the representative of the class, and appointing counsel for ALETA POWELL as counsel for the class;

B.     An award to ALETA POWELL and the members of the class of statutory damages in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

C.     An award of compensatory damages to ALETA POWELL and the members of the class in the amount of all sums paid to PALISADES XVI and FFG, presently estimated to be in excess of $1,000,000.00;

D.     An award of pre-judgment and post-judgment interest on all sums awarded to ALETA POWELL and members of the class she seeks to represent;

E.     An award to ALETA POWELL and members of the class she seeks to represent of reasonable counsel fees and the costs of these proceedings;

F.     An order of such other and further relief as the nature of this case may require.

## JURY DEMAND

ALETA POWELL hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should ALETA POWELL prevail on any of her claims in this action.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

Respectfully Submitted,


E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*


Max F. Brauer, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*